IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SHANE SANDOVAL.,
    Plaintiff,

Civil Action No.

2019 AUG 30  AM 10: 33

JURY TRIAL DEMANDED

V.

OFFICER VALLE;
LIBRARIAN AIDE D. PEREZ; in their individual and
official capacities.,
    Defendants,


## COMPLAINT

1. This is a civil rights action brought under 42 U.S.C §1983 for violations of the First and Fourteenth Amendments to the United States Constitution.

## JURISDICTION, VENUE, AND PARTIES

2. Jurisdiction and venue are proper.

3. Plaintiff Shane Sandoval, age 23, was at all times relevant to this Complaint an inmate at Otero County Prison Facility who entered into a contractual agreement with the New Mexico Corrections Department who has delegated constitutional duties to the county of Otero.

4. Management and Training Corporation (hereinafter "MTC") is a third party beneficiary who shares the constitutional duties delegated.

5. Defendant Officer Valle (hereinafter "Valle") was a resident of New Mexico and employed by the county of Otero (hereinafter "the County" and Management and Training Corporation (hereinafter "MTC")

as the disciplinary hearing officer at all times relevant here in. Valle was acting under color of state law at all relevant times.

6. Defendant Librarian Aide Perez (hereinafter "Perez") was a resident of New Mexico and employed by the County and MTC to provide legal access at Otero County Prison Facility (hereinafter "OCPF") at all times relevant here in. Defendant Perez was acting under color of state law at all relevant times

7. The Federal Constitution protects prisoner's First Amendment right to freedom of speech and petitioning the government for redress of greivances by utilizing the internal grievance process to make critical comments against the government for how a prison is run, filing informal complaints, and punishing a prisoner for communicating his or her complaints though the prison administrative grievance process is as much a denial of those rights than is the outright refusal to allow inmates to use the internal grievance process.

8. On January 16, 2019, Plaintiff filed an informal complaint against Perez for refusing to provide case law and statutes in order to do adequate research to effectively represent himself in a seperate civil rights case and Form CD-121001.1 makes this request applicable to legal access obligations on Perez's part.

(1)

9. On January 29, 2019 Plaintiff sent a Form I-60 to the Warden in regards to the above issues.

10. On February 10, 2019 a response was given that on February 8, 2019 the wardens, state contract monitor and Ms. Perez's supervisor audited Perez for the legal access issues complained of and audited Perez once a week for a couple of weeks, thereafter.

11. On March 4, 2019, less than a month later, Perez retaliated against plaintiff by filing a disciplinary report against Plaintiff for accessing legal material even though Plaintiff had prior authorization from a designated prison guard.

12. Perez deliberately falsified information in the report which was dismissed on March 14, 2019.

13. Plaintiff filed an informal complaint, on March 17, 2019, against Perez for retaliating against Plaintiff for exercising his right of access to the court.

14. On April 23, 2019, Perez filed another disciplinary report for disobeying a lawful order against Plaintiff for him putting the time next to his signature on the law library sign-in sheet.

15. Plaintiff was found guilty of this report and sanctioned to 15 days loss of telephone privileges on April 30, 2019

(2)

16. On May 13, 2019, Plaintiff filed his notice of appeal arguing that the category "B" offense of disobeying a lawful order consists of a "lawfulness" element opposed to something along the lines of "disobeying" an order that omits the lawfulness element.

17. The order given is required to be predicated on a specific Corrections Department rule prohibiting an act or inaction

18. The New Mexico Corrections Department disciplinary policy states that this policy was established to maintain fair disciplinary procedures and practices based on due process.

19. This policy explains that there are written rules of inmate conduct that specifies acts prohibited within the institutions and the penalties that can be imposed for various degrees of violations.

20. Writing the time next to a signature on a legal access sign-in sheet is not a specific rule under NMCD policy or any authority, whatsoever.

21. In order to have been charged Plaintiff had to have violated a specific rule prohibiting that course of action.

(3)

22. To say otherwise would and has enabled prison staff, such as defendant Perez, to retaliate against inmates who engage in constitutionally protected activity, in this case Plaintiff filing informal complaints against Perez, than masquerade that retaliation with a misconduct report.

23. The previous misconduct report was in response to, not only to the above informal complaints, but also a March 12, 2019 informal against Perez for not providing Plaintiff with a CD player to listen to audio transcripts for an unrelated civil rights action.

24. NMCD policy forbids inmates to use computers to listen to these transcripts and only allows inmates to use CD players so Plaintiff's request and subsequent complaint was not unreasonable nor outside the parameters of policy

25. Defendant Perez's retaliation is unconstitutional and violated Plaintiff's due process rights.

26. This is a common practice by prison staff employed by the County and MTC and has caused a "chill-effect" on inmates' right to use the internal grievance system to address their issues on how the prison is ran.

27. Plaintiff has heard Perez state that if inmates give her a hard time all she has to do is write them up and ship them out.

(4)

28. This is a known retaliatory tactic used by OCPF prison staff, who are fully aware that inmates housed at OCPF are sex offenders, including Plaintiff, and threaten inmates with unconstitutional disciplinary reports to heighten their classification level to transfer them to a level 4 facility, where other inmates (who do not have sex charges), constantly threaten inmates with sex charges and inflict physical injuries on those inmates for that very reason.

29. OCPF prison staff, including Perez, have become accustomed to this tactic and willfully violate inmates' due process rights to achieve this goal.

30. Defendant Valle being the investigating officer and, by a preponderance of the evidence, recommended the report warranted a hearing then sitting as the administrative judge at the hearing violated Plaintiff's due process right to a fair and impartial decisionmaker.

## CAUSES OF ACTION

### Count I

31. The actions of Defendant Perez violated Plaintiff's rights under the First and Fourteenth Amendments to the United States Constitution to be free from threats of retaliatory transfers and to be free from retaliation –

for exercising his right to Freedom of Speech, Petition-
ing the government and access to the court.

## COUNT II

32. The actions of Defendant Perez wrongfully charging
Plaintiff for retaliatory purposes is an unconstitutional
policy, custom and/or procedure that violated Plaintiff's
procedural due process right under the Fourteenth Amend-
ment.

## COUNT III

33. Defendant Valle violated Plaintiff's right under the
Fourteenth Amendment to have a fair and impartial
decisionmaker in a disciplinary proceeding.

WHEREFORE, Plaintiff respectfully requests:

A. Compensatory damages as to all defendants

B. Punitive damages as to defendants Perez and Valle

C. Court fees and costs as to all defendants

D. Injunctive relief

E. Such other and further relief as may appear
just and appropriate

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that he is the plaintiff in the above action, that he has read the above complaint and that the information contained in the complaint is true and correct. 28 U.S.C §1746; 18 U.S.C §1621.

Executed at <u>Otero County Prison Facility</u> on <u>August 18, 2019.</u>

Prisoner's Original Signature
Shane Sandoval
Otero County Prison Facility
10 McGregor Range Road
Chaparral, NM  88081 EC-17

SHANE SANDOVAL #85826
Otero County Prison Facility
10 McGregor Range Rd.
Chaparral, NM 88081
EC·17

AUG Legal Mail

LAS CRUCES CLERK'S OFFICE
U.S Courthouse
100 North Church Street
Las Cruces, NM 88001

7016 0750 0000 9876 7364



CERTIFIED MAIL®

88001$3572 C022

PITNEY BOWES
$ 004.000
02 1P    0001956152   AUG 28 2019
MAILED FROM ZIP CODE 88081
UNITED STATES POSTAGE