**FILED**
UNITED STATES DISTRICT COURT
LAS CRUCES, NEW MEXICO

SEP 18 2019

MITCHELL R. ELFERS
CLERK OF COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SHANE SANDOVAL,     Civil Action No 2:19-cv-00797 KG/SCY
        Plaintiff,

v.

COUNTY OF OTERO;
MANAGEMENT AND TRAINING
CORPORATION; WARDEN MARTINEZ;
OFFICER G. VALLE; LIBRARIAN AIDE
D. PEREZ; OFFICER MONTECINOS; OFFICER
GUTIERREZ; OFFICER VASQUEZ; OFFICER
GALLEGOS; and OFFICER GAMBOA;

## AMENDED COMPLAINT

1. This is a civil rights action brought
   under 42 U.S.C § 1983 for violations of the
   First and Fourteenth Amendments to the U.S
   Constitution. The actions and conduct of the
   defendant officers are the result of a policy,
   practice, custom, and deliberate indifference
   on the part of defendants County of Otero
   and Management and Training Corporation

-1-

## JURISDICTION, VENUE, AND PARTIES

2. This Amended Complaint incorporates all the statements from the original Complaint. Specifically, that a jury trial is demanded, that the jurisdiction and venue are proper, all the parties named in the original pleading, the factual allegations (# 7-30.Doc.1) and the prayer for relief.

3. Defendant County of Otero contracts with the New Mexico Corrections Department and runs the Otero County Prison Facility and contracts with Management and Training Corporation to delegate constitutional duties.

4. Defendant Management and Training Corporation (hereinafter "MTC") is a privately held corporation transacting business in New Mexico, and is responsible for fulfilling the same delegated constitutional duties to inmates housed at Otero County Prison Facility.

5. At all times pertinent hereto, Defendants County of Otero (hereinafter "The County") had policies and practices that were deliberately indifferent

to the constitutional violations by defendant
officers against Plaintiff and inmates.

6. Defendants the County and MTC are instit-
utionally liable for the acts and omissions,
plaintiff's damages, of the individual defend-
ants and the conduct of the defendants
were directly and proximately caused by the
actions and/or inactions of the County and
MTC

7. Defendant Warden Martinez (hereinafter "Martinez"
) was at all material times the Warden of
Otero County Prison Facility in Otero County,
New Mexico.

8. Upon information and belief, Defendant Mart-
inez was a resident of New Mexico and
employed by the County and MTC. Defendant
Martinez was acting under color of state law
at all relevant times.

9. Upon information and belief, Defendant Officer
Montecinos was a resident of New Mexico
and employed by the County and MTC as
a correctional officer. Defendant Officer -

Montecinos (hereinafter "Montecinos") was acting under color of state law at all relevant times.

10. Upon information and belief, Defendant Officer Gutierrez (hereinafter "Gutierrez") was a resident of New Mexico and employed by the County and MTC. Defendant Gutierrez was acting under color of state law at all relevant times.

11. Upon information and belief, Defendant Officer Vasquez was a resident of New Mexico and employed by the County and MTC. Defendant Officer Vasquez (hereinafter "Vasquez") was acting under color of state law at all relevant times.

12. Upon information and belief, Defendant Officer Gallegos (hereinafter "Gallegos") was a resident of New Mexico and employed by the County and MTC. Defendant Gallegos was acting under color of state law at all relevant times.

13. Upon information and belief, Defendant Officer Gamboa (hereinafter "Gamboa") was a resident of New Mexico and employed by the County

and MTC. Defendant Gamboa was acting under color of state law at all relevant times.

14. All individual defendants are sued in their individual and official capacity.

15. At all times relevant to this Complaint, all defendants acted in concert and conspiracy to violate Plaintiff's constitutional rights by using the same retaliatory tactic through the disciplinary process. This conspiratorial approach has caused Plaintiff's constitutional injuries.

16. At all pertinent times relevant to this Complaint, Plaintiff was in and under the complete, direct and continuous custody and control of Defendants.

17. All of the acts complained of occurred in New Mexico.

FACTUAL BACKGROUND REGARDING DEFENDANTS

18. The potential for verbal, psychological, mental, emotional and physical abuse directed toward

-5-

inmates with sex offense convictions by inmates with non-sex offense convictions is a well-known problem to those operating prisons that creates a duty on the part of prison officials to protect these inmates from such abuse.

19. The Constitution of the United States create duties to protect inmates from threats of physical harm and actual harm inflicted by other inmates.

20. This class of inmates represent a particularly vulnerable population when it comes to these types of abuse because of the disparity in numbers and power between sex offender inmates and inmates without sex offenses

21. This stigma causes a guarantee that sex offenders will inevitably be severely injured and in some cases killed

22. Otero County Prison Facility is predominately sex offender prison so any acts of violence against this class of inmates for the sole purpose of their status as a sex offender is extremely diminished, almost to none.

23. Prison staff at Otero County Prison Facility are undeniably aware of this and exploit these vulnerabilities by threatening inmates with disciplinary write-ups to raise their classification level to have them sent to a higher level of security facility to intentionally put their life and well-being in danger.

24. As a result, inmates view exercising their right to file complaints through the grievance system as strictly prohibited because:

a. complaints against the staff or facility subjects them to constant disciplinary reports in retaliation for exercising this right;

b. threats of and actual retaliatory transfers for challenging any unconstitutional act caused by staff;

c. Staff labeling inmates who file complaints with provocative names such as "snitches", "bitches", "cry-babies" and "pussies";

d. complaints are not kept confidential, thereby causing ridicule and retaliation by other staff members with tactics not just limited to disciplinary;

e. reporting will effectively sever their access to rehabilitative services for months or years at a time;

f. as a result of their sex offender status, complaints are often silenced through retaliation and even when inmates manage to file informal complaints and grievances the grievance officers and corrections department, acting as appellate review, acquiesce to constitutional violations and New Mexico Corrections Department policy circumvention so inmates are discouraged and subsequently retaliated against to chill any further protected activity;

g. their belief that their status in society has rendered any avenues of redress ineffective and the actions of staff enforce that belief.

25. In order to protect this vulnerable population

, those who operate this prison facility are subject to stringent rules, regulations, and common sense standards of care regarding the prevention of retaliation for inmates engaging in constitutionally protected activity.

26. Upon information and belief, at relevant times, Defendants the County and MTC entered into contracts with the New Mexico Corrections Department to operate and manage the prison in Otero County, NM thereby assuming the legal duties owed by the State.

27. Upon information and belief, at relevant times, MTC contracted with the County and / or the NMCD, to provide a wide range of services in this particular prison for inmates housed in the facility.

28. Acting under contract with State of New Mexico to house inmates and provide these legal duties and services, Defendant MTC aided the County in operating OCPF at all times relevant to this Complaint

29. On or between May 15, 2019 and June 14, 2019 Defendants Montecinos and Gutierrez filed an inmate misconduct report against Plaintiff days after Plaintiff filed an informal complaint against both officers for them constantly harassing Plaintiff for him doing his legal research in preparation for this current $1983 civil rights action against Defendants Perez and Valle.

30. The report was dismissed because it had been decided that Plaintiff had not done any wrongdoing by sitting at a table after 12 a.m for the reasons stated above supra.

31. Defendant Montecinos falsified statements in his witness statement for Defendant Gutierrez's report claiming Plaintiff disobeyed a lawful order when in fact Plaintiff had been found to have not done any wrong or engaged in any prohibited behavior.

32. Plaintiff was, at the time, exercising

his right of access to the court.

29. On July 29, 2019, Defendant Vasquez
issued a misconduct report for a
B-3 Count Interference, B-9 Presence in
Unauthorized Area and a B-16 Disobeying
a lawful Order for Plaintiff exercising
his Eighth Amendment right to have
regular access to the restroom.

30. Defendant Vasquez attempted to prohibit
Plaintiff from using the restroom.

31. On August 5, 2019 the report was
dismissed because New Mexico Correct-
ions Department policy 163000 provides
inmates to restrooms 24 hours a day
without staff assistance

32. On August 2, 2019, Defendant D. Perez
filed an Inmate Misconduct Report
against Plaintiff for a class A-Forgery,
class B-Failure to follow published Rules
or Regulations and B-Improper Legal
Assistance.

33. On August 13, 2019, Plaintiff was acquitted of Improper legal assistance.

34. Defendant Perez wrongfully charged Plaintiff in violation of his due process rights.

35. In Defendant Gallegos' disciplinary decision for the August 13, 2019 outcome Gallegos intentionally fabricated direct evidence to find Plaintiff guilty of the remaining charges.

36. This violated Plaintiff's due process rights to be free from prison disciplinary convictions based on fabricated evidence and his due process right to an impartial and unbias decisionmaker.

37. When Plaintiff appealed this very issue to Defendant Martinez he fabricated grounds aside from Gallego's decision in order to uphold Gallegos' guilty decision.

38. On September 1, 2019, Defendant Gamboa issued a misconduct report for disobeying a lawful order for Plaintiff hanging his state issued.

towel on a bench.

39. This was a cover-up for Defendant Gamboa's retaliation for Plaintiff notifying Gamboa that he will be filing an informal complaint because New Mexico Corrections Department policy requires OCPF to provide inmates with a certain amount of state issued items that are necessities of life, that OCPF's policy of prohibiting inmates hang 'cause a security threat because it does not block the view of inmates, the benches are no more than a foot and a half off the ground and staff members following Defendant Martinez's order on depriving inmates of the minimum amount of state issued items imposes an atypical and significant hardship on inmates

40. Defendant Gamboa even states in his mis conduct report that Plaintiff stated he will put a grievance.

41. Gamboa didn't issue a misconduct report until he was aware of the informal compl- aint Plaintiff was and has filed.

42. Gamboa told Plaintiff he was forced to issue a misconduct report because Plaintiff was going to file an informal complaint and he needed to cover his bases.

43. Plaintiff arrived at OCPF in late 2018 and soon after he witnessed and became the subject of constant threats of unconstitutional disciplinary reports and threats of retaliatory transfers. Plaintiff was notified by inmates who had been housed at OCPF that this custom and policy has been in effect for years and a vast majority of OCPF's prison population are terrified to exercise their constitutional rights through the internal grievance system.

44. Upon information and belief, the County, MTC and Warden Martinez implemented this custom, policy and tactic to intimidate inmates into forfeiting any claims of constitutional violations and, essentially, has foreclosed inmates from seeking redress in the federal courts because exhaustion of administrative remedies is required-

pursuant to the Prison Litigation Reform Act.

45. Upon information and belief, Defendant municipalities cannot claim ignorance to their staff members and officers' unconstitutional activity because Plaintiff and a minority of other inmates have consistently addressed these issues to the Warden, Deputy Wardens, state contract monitors and supervisory officers when they do their weekly walk through.

46. Despite this knowledge, Defendants willfully or knowingly continued to grant Defendant Martinez and Defendant officers the approval to continue their violative behavior.

47. Upon information and belief, Defendants did not encourage reporting or documentation of these incidents, and enacted no discipline or retraining of Defendant officers and force the grievance officers to circumvent grievance policies and to be partial and bias by advocating for-

the person(s) and/or subject(s) of the
grievances, refusing to produce requested evidence
for inmates, failing to respond within the time
constraints and failing to respond at all.

48. Prison wardens have the ability to control
the conduct of their staff and are respon-
sible for ensuring that the facilities they
are operating are safe and free from staff-
on-inmate retaliation and inmate's legal
and constitutional rights are safeguarded
and protected.

49. Prison wardens are responsible for ensuring that
their facilities have and enforce adequate
policies and disciplinary measures to deter
this type of behavior

50. Upon information and belief, Defendant
Martinez knew or should have known that
Defendant Officers were abusing the
disciplinary process at OCPF to disguise
their retaliation and unconstitutional acts,
especially that he is the one who con-
ducts appellate review, yet did not act
to stop it by adopting or enforcing approp-

riate policies, training, discipline or investigation procedures.

51. Instead, Defendant Martinez perpectuated lax inmate protections and a culture that allowed this unconstitutional behavior to continue unabated for years.

52. Now Defendant Martinez has caused his staff members and officers to initiate a campaign of harassment against Plaintiff by filing unconstitutional misconduct reports against members of Plaintiff's religious group, a lieutenant ordering a strip search of his religious group, officers confiscating state issued and personal property from his religious group, enforcing policies that do not exist in order to restrict the Native Americans' religious practice, confiscating and destroying sacramental items used for Blessing way ceremonies, Defendant Gallegos and one other disciplinary officer deviating from disciplinary policies to convict members of Plaintiff's religious group, even when inmate count is cleared officers prolong clearing for dormitory -

movement, severely restricting all inmates' law
library time and failing to call the East-
wing, the Plaintiff's housing area, for their
scheduled recreation time.

Upon information and belief, Defendants are
doing this to provoke animosity and tension
between inmates and Plaintiff to manufacture
a security threat.

## CAUSES OF ACTION

### Count I

54. The actions of Defendants Martinez,
Perez, Montecinos, Gutierrez, Vasquez
and Gamboa violated Plaintiff's rights
under the First and Fourteenth Amend-
ments to the United States Constit-
ution to be free from threats of ret-
aliatory transfers and to be free from
retaliation for exercising his rights to
Freedom of Speech, Petitioning the Govern-
ment, access to the court and his right
to use the restroom.

## Count II

55. The actions of Defendants Perez, Montecinos, Gutierrez, Vasquez and Gamboa wrongfully charging Plaintiff for retaliatory purposes violated Plaintiff's procedural due process right under the Fourteenth Amendment

## Count III

56. Defendants Martinez and Gallegos violated Plaintiff's procedural due process rights by convicting and upholding a disciplinary conviction with fabricated facts and evidence

## Count IV

57. Defendants Valle and Gallegos violated Plaintiff's right under the Fourteenth Amendment to have a fair and impartial decisionmaker in a disciplinary proceeding.

## Count V

58. Defendants County of Otero and Management and Training Corporation-

violated Plaintiff's constitutional rights under counts 1-4, Plaintiff's damages, and the conduct of the Warden and of the individual defendants were directly and proximately caused by the actions and /or inactions of Defendants the County and MTC, which has encouraged, tolerated, ratified, and has been deliberately indifferent to the need for more or different training, supervision, investigation, or discipline in the areas of:

a. Prison disciplinary policies and procedures pursuant to the NMCO's policy provisions.

b. Inmates constitutional protections in disciplinary proceedings.

c. The proper exercise of disciplinary powers, including but not limited to issuing misconduct reports only when a specific NM-CO written rule, state or federal law has been violated

d. Prohibiting retaliation for Inmates exercising their constitutional rights and officers-

use of inmate disciplinary reports to achieve ends not reasonably related to the safety and welfare of inmates and staff in the facility.

e. The failure of officers to follow established policies, procedures, directives, and instructions regarding inmate disciplinary, Prison Litigation Reform Act, grievance policies and procedures and institution of charges for acts not prohibited.

f. The failure to properly sanction or discipline officers who are aware of and conceal and / or aid and abet violations of constitutional rights of inmates by other officers; and

g. The practice among OCPF prison officers of instituting false charges against individuals whom the officers have subjected to unlawful retaliation with the intention of precluding such individuals from instituting civil claims.

WHEREFORE, Plaintiff respectfully requests:

A. Monetary damages as to all defendants

B. Compensatory damages as to all defendants

C. Punitive damages as to all individual defendants

D. Nominal damages as to all defendants

E. Court fees and costs as to all defendants

F. Injunctive relief

G. Such other and further relief as may appear just and appropriate.


DECLARATION UNDER PENALTY OF
PERJURY

The undersigned declares under penalty of perjury that he is the plaintiff in the above action, that he has read the above complaint and that the information contained in the ‾

complaint is true and correct. 28 U.S.C § 1746; 18 U.S.C § 1621.

Executed at Otero County Prison Facility, 10 McGregor Range Rd. Chaparral, NM 88081 on September 12, 2019

*Shane Sandoval*

SHANE SANDOVAL
Otero County Prison Facility
10 McGregor Range Road.
Chaparral, NM 88081 EC-17