UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FILED
UNITED STATES DISTRICT COURT
LAS CRUCES, NEW MEXICO

SEP 18 2019

MITCHELL R. ELFERS
CLERK OF COURT

SHANE SANDOVAL,
  Plaintiff,

                Civil Action No. 2:19-cv-00797

v.               Judge Kenneth J. Gonzales
                Magistrate Judge Steven C. Yarbrough

County of Otero, et al.,
  Defendants,

## PLAINTIFF'S EXPEDITED MOTION FOR A PRELIMINARY INJUNCTION AND/OR PROTECTIVE ORDER AND BRIEF IN SUPPORT

    Plaintiff, Shane Sandoval, pursuant to Fed. R. Civ. P 65, requests that this Court grant this motion, and states in support the following:

1. This motion incorporates the statements in the original and Amended pleadings that's accompanying this motion.

(1)

2. The purpose of the New Mexico Corrections Department policies is to govern inmate rule violations and to provide written guidelines to ensure that inmate control and discipline are established and maintained to require individual inmate compliance with reasonable behavior standards and limitations, ensure the general welfare and safety of all persons living and working within the institution, establish and maintain fair disciplinary procedures and practices based on due process and to ensure progressive levels of and practice. (See Exhibit. 1. CD-090100-101.)

3. Sections (B) and (I) of CD-090100 and (C)(2) of CD-090101 in exhibit 1 explains that there are written rules of inmate conduct that specifies acts prohibited and gives a list of requirements that a NMCD Misconduct Report is to embody, two of which are the specific rule(s) violated and a formal statement of the charge and this policy clearly distinguishes the two from one another. Also see Form CD-090101.1. (Exhibit. 2.).

The attached report by Defendant Perez has the formal statement of the charge but fails to name the specific corrections department rule violated. The current disciplinary officers and staff have and still arbitrarily construe this policy to mean that the charge is the rule; that their one and the same, and the individual issuing the misconduct report has sole discretion in determining what acts are prohibited and subject to disciplinary action.

4. This is contrary to NMCD disciplinary policy that clearly and unambiguously states "there are written rules of inmate conduct that specifies acts prohibited...". CD-090100(B). This custom has encouraged defendants to abuse the disciplinary process in an arbitrary and capricious manner by disciplining inmates, including Plaintiff, for acts not prohibited under a specific NMCD rule or state or federal law.

5. 33-2-10 NMSA states that the "corrections department shall make such rules and regulations for the government, discipline-

(3)

and police of the penitentiary, and for the punishment of the prisoners confined therein, not inconsistent with the law, as it may deem expedient, and until such regulations are made, the regulations now in force shall continue in force..." and the Corrections department has established NM-CD policy CD-000100 that vests the policy administrator of the corrections department with the authority and responsibility to develop, revise and disseminate all NMCD policies and procedures.

6. This policy even requires facility wardens to submit recommendations for changes to the Policy Administrator for agency policy changes. Leaving no discretion to defendants to decide what acts are prohibited.

7. Defendant Gallegos took it another step further by fabricating direct evidence to reassure I'm convicted. Gallegos' partiality and bias actions are apparent and obvious enough to taint the disciplinary process.

(4)

8. The custom and practice defendants use in the disciplinary process was and is arbitrary and capricious in violation of both the First and Fourteenth Amendment

9. Continuing to allow these unconstitutional practices will result in Plaintiff and other inmates to be subject to imminent danger, physical injury, constitutional injury and, upon information and belief, defendants are actively convicting Plaintiff on disciplinary reports to moot an injunction.

10. Defendants have the ability to override inmates classification to have them remain at OCPF

11. Plaintiff does not have a history of causing security threats so an injunction will not be prejudicial to the security of the facility.

STANDARD FOR PRELIMINARY INJUNCTION

12. For Plaintiff to obtain a preliminary -

(5)

injunction, he must establish:

(1) he will suffer irreparable injury unless the injunction issues;
(2) the threatened injury outweighs any damage the proposed injunction might cause the opposing party, (3) that the injunction, if issued, will not be contrary to the public interest, and (4) that it has a substantial likelihood of success on the merits. Oklahoma ex rel. Oklahoma Tax Comm'n v. International Registration Plan, 455 F.3d 1107, 1112-13 (10th Cir. 2006). Where the first three requirements are met, a modified, less stringent, test as to the "success of the merits" element may apply. Davis v. Mineta, 302 F.3d 1104, 1101 (10th Cir. 2002)

Plaintiff Will Suffer Irreparable Injury Unless the Injunction is Issued.

13. Plaintiff will suffer irreparable harm if the injunction is not granted prohibiting defendants from abusing the disciplinary process by issuing and-

convicting Plaintiff and other inmates with unconstitutional misconduct reports that are not predicated on a written rule pursuant to New Mexico Corrections Department policies and / or acts that constitute a criminal offense under state or federal law in order to heighten their classification level to be transferred to a higher level of security prison facility as a means to retaliate for exercising their constitutional rights and as a campaign of harassment against Plaintiff. Defendants are putting Plaintiff and inmates in imminent danger of serious physical injury and / or death.

14. This is a retaliatory tactic used by defendants to chill inmates from exercising their constitutional right to grievance and right of access.

15. Upon information and belief defendants have and are rigorously attempting to commit the above acts to moot any injunctive relief by transferring Plaintiff to another facility.

(7)

16. Plaintiff has offered statements by inmates, who are primarily members in Plaintiff's religious group who are experiencing this retaliation, that prove the injuries supra, have actually occurred, recur and are actual and imminent for Plaintiff and as a prisoner in this §1983 action the Court takes as true all allegations of material fact in his Complaint.

17. Plaintiff has shown that he would suffer irreparable injury if the injunction is not granted.

## Defendants Will Suffer Little, If Any Harm If This Court Grants This Injunction

18. There are procedures contained in the NM CD disciplinary policies, namely specific written rules that prohibit acts committed by inmates that will subject them to disciplinary measures.

19. In this matter, an injunction will only enforce this policy that a specific

NMCD rule be violated or acts committed that would constitute criminal offenses pursuant to state or federal law and if these criterias are not met an injunction will prohibit defendants from issuing and convicting Plaintiff and inmates on misconduct reports that do not specify the specific NMCD rule violated. Coffman v. Trickey, 884 F.2d 1057, 1060 (8th Cir. 1989). Also see Gibbs v. King, 779 F.2d 1040, 1045 (5th Cir. 1986) (where rule required that prisoners obey posted policies, evidence of posting must be offered at the disciplinary hearing).

20. This action by the Court won't completely neutralize the disciplinary process, altogether. Rather, it will enforce procedural requirements to severely restricting defendants from disguising their retaliation and harassment with misconduct reports. Moreover, defendants have the authority to override inmates' classification level to keep them at OCPF if they do not pose a legitimate security threat that is not caused by-

by Defendants. Indeed, defendants have overrode inmates who have caused legitimate security threats. For example, inmates convicted of sexual relations with other inmates, excessive amounts of physical violence and drug related offenses.

21. Plaintiff does not have any history of violent offenses in the disciplinary context nor does he engage in any security threat behavior. In the alternative, Plaintiff has chosen to exercise his right to file informal complaints and grievances to the extent that defendants are attempting to avoid liability by putting Plaintiff's life in danger with threats of and in the process of a retaliatory transfer in violation of the First and Fourteenth Amendment. See Montanyo v. Haymes, 427 U.S. 236, 96 S.Ct. 25 43, 49 L.Ed. 2d 466 (1976) and has and continues to cause a chill effect on other inmates. Gomez v. Vernon, 255 (9th Cir.) (threats of ret-

aliatory transfer state a constitutional claim based on the chilling effect of such threats on the exercise of constitutionally guaranteed freedoms.) and Frazier v. Dubois, 922 (10th. Cir. 1990)

22. Furthermore, defendant Perez very recently filed a major level misconduct report with adherence to the same unconstitutional custom and/or procedure by failing to embody the specific NMCD rule violated

23. The incorporation of the statements in the amended complaint in regards to defendant Gallegos and Martinez's fabrication of facts and evidence further substantiates Plaintiff's claim that defendants are egregiously violating Plaintiff's due process rights to retaliate against Plaintiff for exercising his constitutional rights.

Issuance of the Injunction Will Not Be Contrary to the Public Interest

(11)

24. Due to the fact defendants refuse to provide rehabilitative programs to inmates convicted of misconduct reports for a period of six months for minor level reports and a year for major level reports, which is a direct violation of their Inter-Governmental Agreement For Professional Services Between NM Corrections Department And Otero County, New Mexico. (See Exhibit 4) Sections 13.0 to 14.0. It runs contrary to the public interest for an injunction "not" to be issued to enforce due process guarantees and to prohibit unconstitutional practices involving the disciplinary procedures because the public's best interest is served when defendants focus on resolving issues informally and accomplish their primary mission which is to reduce recidivism and improve public safety by providing a continuum of treatment programs for inmates to have the oppurtunity to return to the public as a productive member of society (See. Exhibit-

(12)

5.)

25. The public interest is also best served when an injunction is issued to protect First Amendment rights. *Elrod v. Burns*, 427 U.S. 347, 373 (1976) (plurality opinion) ("the loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury."); cf. *Inc. v. Reg'l Transp. Dist.*, 129 F.3d 1343, 1347 (10th Cir. 1997) ("The Public interest also favors plaintiff['s] assertion of their First Amendment rights...")

26. The public interest is best served by granting Plaintiff's motion for Preliminary Injunction and/or Protective Order since the public has no interest in enforcing constitutional violations under any circumstances. If no injunction is issued Plaintiff will have no adequate remedy, such as money, when he ultimately prevails in this litigation. See *Cate v. Oldham*, 707 F.2d 1176, 1188-89 (11th Cir. 1983) (noting

(13)

that "[o]ne reason for such stringent protection of First Amendment rights certainly is the intangible nature of the benefits flowing from the exercise of those rights; and the fear that, if those rights are not jealously safeguarded, persons will be deterred, even if imperceptibly, from those rights in the future")

WHEREFORE, for the reasons stated above, this Court should issue an injunction and/or protective order

<u>UNDER PENALTY OF PERJURY</u>

I declare under penalty of perjury that the foregoing is true and correct

Executed at Otero County Prison Facility on September 12, 2019

*Shane Sandoval*
Shane Sandoval
Otero County Prison Facility
10 McGregor Range Rd.
Chaparral, NM 88081

(14)