IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SHANE SANDOVAL,

      Plaintiff,

vs.                                                         No. CV 19-00797 KG/SCY

COUNTY OF OTERO,
et al.,

      Defendants.

## AMENDED MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S EXPEDITED MOTION FOR A PRELIMINARY INJUNCTION

THIS MATTER is before the Court under Fed. R. Civ. P. 65 on Plaintiff's Expedited Motion for a Preliminary Injunction (Doc. 5). The Court will deny the Motion for a Preliminary Injunction as moot.

Plaintiff Shane Sandoval is a prisoner proceeding pro se. He has filed a civil rights complaint under 42 U.S.C. § 1983 against the County of Otero, Management and Training Corporation, Otero County Prison Facility (OCPF) Warden Martinez, and seven OCPF correctional officers. Sandoval asserts violation of his First and Fourteenth Amendment rights based on alleged retaliatory conduct by an OCPF library aide and defective grievance procedures at OCPF. (Doc. 3, 4).

Sandoval has filed Plaintiff's Expedited Motion for a Preliminary Injunction and/or Protective Order and Brief in Support (Doc. 5). Plaintiff Sandoval's Motion does not specify the exact nature of injunctive relief but appears to seek injunctive relief against Defendants for arbitrary and capricious custom and practice in the disciplinary process. (Doc. 5 at 5).

Sandoval's Motion seeks injunctive relief based on the conditions of his incarceration. (Doc. 5 at 6-14).

In order to receive a preliminary injunction, the Plaintiff must establish four factors: (1) a substantial likelihood of prevailing on the merits; (2) irreparable harm unless injunctive relief is issued; (3) that any claimed injury outweighs the harm that the preliminary injunction may cause the opposing party; and (4) that the injunction, if issued, is not adverse to the public interest. *Davis v. Mineta*, 302 F.3d 1104, 1111 (10th Cir. 2002), *abrogated on other grounds by Audubon Soc. of Greater Denver v. U.S. Army Corp of Engineers*, 908 F.3d 593, 604 (10th Cir. 2018). A preliminary injunction grants intermediate relief of the same character as that which may be finally granted. *See De Beers Consol. Mines v. United States,* 325 U.S. 212, 220 (1945). Therefore, a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint. *Devose v. Herrington,* 42 F.3d 470, 471 (8th Cir.1994).

Because a preliminary injunction is an extraordinary remedy, the moving party's right to relief must be clear and unequivocal. *Dine Citizens Against Ruining Our Env't v. Jewell*, 839 F.3d 1276, 1281 (10th Cir. 2016). Plaintiff faces a heightened burden of showing that exigent circumstances of the case support the granting of a remedy that is extraordinary even in the normal course. *O Centro Espirita Beneficiente Uniao Do Vegetal v. Ashcroft,* 389 F.3d 973, 975 (10th Cir. 2004). A Plaintiff is not entitled to relief based solely on claimed likelihood of success on the merits but must, instead, make a strong showing both with regard to the likelihood of success on the merits and with regard to the balance of harms. *Id.* at 976; *Edmisten v. Werholtz*, 287 F. App'x 728, 731 (10th Cir. 2008).

A prisoner plaintiff may not maintain § 1983 claims for temporary, preliminary, or permanent injunctive relief based on conditions of incarceration if the plaintiff is no longer housed at the facility. *See Green v. Branson,* 108 F.3d 1296, 1300 (10th Cir.1997); *White v. State,* 82 F.3d 364, 366 (10th Cir.1996). Once a prisoner is released from the prison facility, injunctive relief would have no effect on defendants' behavior and, therefore, injunctive relief is moot. *Green,* 108 F.3d at 1300; *Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1311 (10th Cir. 2010). The rule that injunctive relief becomes moot applies both where the prisoner is released from prison and where the prisoner is transferred to a different prison facility. *See Love v. Summit County,* 776 F.2d 908, 910 n. 4, 912 (10th Cir.1985).

At the time he filed this action, Plaintiff was incarcerated at OCPF. (Doc. 3). His Motion seeks injunctive relief against the County of Otero and OCPF correctional officers based on conditions of confinement at OCPF. (Doc. 5). However, the record establishes that Sandoval has been transferred to the Lea County Correctional Facility and is no longer incarcerated at OCPF. (Doc. 7 at 2-3). Therefore, injunctive relief is no longer available to Plaintiff and Plaintiff's Expedited Motion for a Preliminary Injunction is moot. *Green,* 108 F.3d at 1300; *Abdulhaseeb,* 600 F.3d at 1311; *Love v. Summit County,* 776 F.2d at 910 n. 4, 912. The denial of Plaintiff's request for a preliminary injunction does not affect Plaintiff's damages claims in this case.

IT IS ORDERED that Plaintiff's Expedited Motion for a Preliminary Injunction (Doc. 5) is DENIED as moot.

_____
UNITED STATES DISTRICT JUDGE